## MICHAEL DAVLIN *vs.* CHARLES STONE.

The articles exempted from execution by the Rev. Sts. c. 97, § 22, cl. 2, as " other household furniture necessary for the debtor and his family, not exceeding $50 in value," are not merely things so absolutely indispensable, that the debtor cannot live without them, but things so essential as to be regarded among the necessaries rather than the luxuries of life. It was held, accordingly, that a sofa and two carpets, of a plain and cheap character, which, together with the other household furniture of the debtor, were of less value than $50, were exempted from execution under this clause.

Trespass is the proper form of action, at common law, for attaching goods exempt by law from attachment; but since the *St.* 1839, c. 151, § 4, providing that " in all actions on the case, it shall be no objection to maintaining such actions, that but for this act the form thereof should have been trespass," trover will equally well lie.

THIS was an action of trover for the taking and conversion of two woollen carpets and one sofa, of the alleged value of $30 dollars, and was submitted to the court upon an agreed statement of facts.

The defendant, who was a constable of the city of Lowell, seized the carpets and sofa on an execution against the plaintiff, and sold the same at public auction; and it was admitted that the defendant's proceedings were regular in every respect, and would entitle him to judgment, unless the articles above mentioned, or a part of them, were exempted by law from seizure on execution.

It appeared further, that the plaintiff, who had been a day laborer in a dye-house, and had for a short time also owned

and kept a small grocery, in Lowell, had gone to Rhode Isl
and to work, previous to the seizure, leaving his wife still
keeping house at Lowell ; and that at the time of the seizure,
he was about removing his wife and three children, together
with various articles of household furniture, including the
carpets and sofa in question, to Rhode Island, for the purpose
of keeping house there.

The carpets consisted of eighteen yards each, and the sofa
was not a bed sofa.    The whole were sold by the defendant
for $23·90.    At the time of the seizure, the plaintiff, besides
beds and bedding, was the owner of other household furniture,
consisting of chairs, tables, crockery, and glass ware, and
other necessary articles, the whole value of which did not
exceed $25.

*D. S. Richardson*, for the plaintiff, referred to Rev. Sts. *c.*
97, § 22, *cl.* 2, and the cases of *Gibson* v. *Jenney*, 15 Mass.
205 : *Howard* v. *Williams*, 2 Pick. 80 ; *Richardson* v. *Buswell*,
10 Met. 506.    The word " necessary " in the statute means
" of reasonable convenience and comfort."

There was no appearance for the defendant.

SHAW, C. J.    The only question in the present case is,
whether the articles taken by attachment by the defendant
on a writ against the plaintiff, were by law exempted from
attachment.    By the Rev. Sts. *c.* 97, § 22, various classes of
articles are exempted, and amongst others, after specifying
particular articles, " other household furniture necessary for
the debtor and his family, not exceeding fifty dollars in
value."

The articles attached by the defendant, and claimed by
the plaintiff as exempt, were two carpets and a sofa, which
together sold for $23·90, and the agreed value of the other
necessary furniture was $25.    There is no evidence of the
value of the articles sued for, but the sale at auction ; that
is one species of competent evidence, and as there is nothing
to control it, we take it as the value : then it is clear that the
household furniture, including these articles, did not exceed
$50 in value.    As they clearly come within the description
of household furniture, the only remaining question is,

whether they are necessary. This word is not used in its most rigid sense, as something absolutely indispensable, and without which the debtor cannot live, but something so essential, as to be regarded amongst the necessaries of life, as contradistinguished from luxuries. Perhaps chairs would not be strictly necessary, because benches and blocks might do to sit on ; but we cannot doubt that cheap and common chairs, and even others originally more costly, acquired by the debtor in more prosperous times, but so reduced by wear and change of fashion, as not to exceed in value, with all his other furniture, $50, would fall under the same designation. We are of opinion, that a plain and cheap sofa and carpet are not necessarily to be regarded as luxuries. These, judging by the sale, must have been eminently of that character, cheap and ordinary. If it were a question, whether a particular article of furniture attached were necessary under particular circumstances, or an article merely of luxury, it might properly go to a jury to ascertain its character and cost, with a view to enable the court to decide whether " necessary " or not. But upon this agreement, it is left to the court upon the facts stated, and we are of opinion that the articles were by law exempted from attachment, and that the action well lies.

We are also of opinion, that trespass is the proper form of action, at common law, for such taking; but now, by force of *St.* 1839, *c.* 151, § 4, trover will equally well lie.